### Dave Kitchens v. The State.

#### No. 2533.   Decided October 22, 1902.

**1.—Keeping Barroom Open on Election Day—Charge.**

On a trial for keeping a barroom or saloon open on election day, where there is no serious controversy as to defendant's knowledge that it was kept open, it was not error to refuse to charge, that before defendant could be convicted "the State must prove that he either opened or kept open the saloon in person, or it was kept opened by his knowledge or consent."

**2.—Charge—Copying Statute.**

Where the court copies the statute in the charge a clause of which does not apply to the facts of the particular case, this does not render the charge erroneous, where the law applicable to the facts proved is correctly charged.

**3.—Keeping Open Barroom on Election Day—Evidence Sufficient.**

See opinion for facts stated, held sufficient to support a conviction of keeping open a barroom on election day.

Appeal from the County Court of Wood. Tried below before Hon. A. A. Snow, County Judge.

Appeal from a conviction of keeping open a barroom on election day; penalty, a fine of $100.

The opinion states the facts.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of keeping his barroom or saloon open on election day, under article 185, Penal Code, and fined $100. The indictment follows the approved forms. The following are substantially the facts adduced upon the trial: The legality of the election is admitted, and that appellant was the owner of a saloon in the town of Mineola, Wood County. The barroom or saloon that he is alleged to have kept open was located in Mineola, and upon this there

is no dispute. The saloon consisted of a two-story sheet-iron house. The barroom proper was located on the lower floor, which was kept closed on the day of the election. The upstairs was accessible by a staircase that led up from an alley on the outside of the building, and on the day of the election numerous parties went up into the room above the barroom, in which was situated jugs, barrels, and other indicia of it being an appurtenance to the saloon. In this upstairs room was a "blind waiter," operated on a pulley, together with a telephone that connected with the waiter which went to the barroom downstairs. Parties upstairs could not see who was tending the bar downstairs. Appellant and his brother owned the saloon. They employed a clerk or bartender. The clerk or bartender was invisible that day. The whereabouts of appellant's brother was not shown. Appellant is shown to have been, during the time that the whisky was being sold on the election day in the manner above indicated, in the alley, about sixty-five or seventy feet from the saloon, the parties passing him on the way to the saloon. Appellant contends that the court erred in failing to give the following charge: "Before you can convict defendant in this case, the State must prove that he either opened or kept open the saloon in person, or it was kept open by his knowledge and consent." This charge is correct and it would have been error for the court to have refused the same if the facts authorized it; but in the record before us there is no serious controversy over the knowledge on the part of appellant that the saloon was kept open. If appellant had introduced evidence showing lack of consent on his part to the opening of the saloon, or such absence from the saloon as would indicate a lack of knowledge or want of consent, or at least raise that issue, then it would have been competent to have presented this charge; but under the facts before us we see no error in not doing so.

Appellant excepted to the following portion of the court's charge: "I instruct you that our statute provides that if any person shall open or keep open any barroom, saloon, or other place, house, or establishment where vinous, malt, spirituous, or intoxicating liquors are sold," etc. Appellant objected to said portion of the charge because the court should have instructed the jury as to what statute he referred to, and charged them as to what the laws of the State provided. We understand appellant's objection to be that the court did not specifically state whether it was a barroom, saloon, or other place; in other words, state specifically which portion of the statute. This is not necessary. The court merely copied the statute, as properly applied the law to the facts. The mere fact that one clause of the statute does not apply to the facts of this particular case would not render erroneous the charge in view of the fact that the court charged that portion of the statute applicable to the facts proven.

Appellant insists that the court erred in not confining the jury to the consideration of a sale in violation of the election law in the town of Mineola, but authorized a conviction if committed anywhere in Wood

County.   An inspection of the charge does not support appellant's contention.

By bill number 5 appellant insists, because the court copied the clause of the statute referred to above in entirety, and by reason of the fact that one of the clauses authorizes a conviction for keeping open a saloon within three miles of a voting precinct, that this would authorize the jury to convict appellant for selling whisky within three miles of Mineola.   As stated above, this contention is not supported by the record. It is true that the court copied this clause of the statute in conjunction with the other clause, but properly applied the law to the facts.

The evidence is sufficient to support the conviction.   "Although that part of the house where the bar may be situated may not be open to the public, yet if other rooms in the house, connected with the barroom, and habitually or occasionally used for drinking purposes, are accessible to persons desiring liquor, such rooms are regarded as a part of the saloon, and while they are open the saloon is not closed as the law requires."   Black., Intox. Liq., p. 393; Whitcomb v. State, 30 Texas Crim. App., 271.

No error appearing, the judgment is affirmed.

*Affirmed.*